**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

JAYSON BENLOSS,

                          **Plaintiff,**

          **-against-**

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,

                    **Defendants.**

-----------------------------------------------------------------X

**25-CV-09105 (VSB)(SN)**

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2025

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff, a former employee of the Federal Deposit Insurance Corporation ("FDIC"), brings this action under Title VII of the Civil Rights Act of 1964. He alleges that the FDIC terminated his employment in retaliation for his protected activity—namely, his complaints of racial discrimination. Plaintiff seeks leave to file a motion to proceed under a pseudonym. He argues that publicly associating his name with this litigation may harm his employment prospects as he searches for a new job.

Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must "name all the parties." Fed. R. Civ. P. 10(a). Moreover, the use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." Doe v. Del Rio, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (internal quotation marks omitted). While courts in the Second Circuit have recognized "a limited number of exceptions" to this requirement, those exceptions are narrow and reserved for circumstances in which a plaintiff's interest in anonymity outweighs both the public's right to open proceedings and any prejudice to the defendant. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 188-189 (2d

Cir. 2008). In making this determination, courts consider a non-exhaustive list of factors, including (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of physical, mental, or other harms, either as a result of retaliation or in light of plaintiff's age, (3) whether the plaintiff's identity has thus far been kept confidential, and (4) whether the public's interest in the litigation is furthered by requiring plaintiff to disclose his identity. Id. at 190.

Plaintiff is granted leave to file his motion. Notwithstanding that permission, based on the limited justification articulated by Plaintiff, he is unlikely to establish grounds for the extraordinary remedy he seeks. As a general matter, the potential for adverse employment prospects as a result of filing a lawsuit is not a basis for infringing on the public's First Amendment and common law rights to access court filings. See, e.g., Doe v. Skyline Auto. Inc., 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) ("potential for embarrassment . . . does not, without more, justify a request for anonymity") (citation omitted). Employment discrimination cases are routinely litigated under plaintiffs' real names, and the public has a legitimate interest in transparency where a federal agency is alleged to have engaged in unlawful retaliatory conduct. Because Plaintiff states that he will provide "supporting legal authority and the factual basis" in a forthcoming motion, the Court offers him the opportunity, if warranted, to set forth the basis for the relief he seeks. But Plaintiff is warned that the grounds thus far disclosed would not justify granting a motion to proceed under a pseudonym.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        December 4, 2025
              New York, New York

2